# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>v.<br><br>Ronnie Dean Cozart,<br><br>               Defendant. | No. CR-13-00802-001-TUC-JGZ (CRP)<br><br>**REPORT & RECOMMENDATION** |

On July 18, 2013 Defendant was convicted of Harboring of Illegal Aliens for Profit in violation of 8 U.S.C. § 1324, and sentenced to three years of probation. A Petition to Revoke Probation was filed on March 14, 2014. Defendant's attorney filed a Motion to Determine Competency [Doc. 42] shortly thereafter. On June 16, 2014, this Court granted the motion [Doc. 43] and authorized that Defendant be evaluated by a licensed psychiatrist or psychologist. At a Status Hearing on August 4, 2014, this Court found that defendant was incompetent to stand trial and committed him to the custody of the Attorney General to determine whether or not competency could be restored. Defendant was designated to the Federal Medical Center in Butner, North Carolina (FMC-Butner).

Defendant has been housed in the most restrictive housing throughout his stay at FMC-Butner. He is housed alone and is fed through a slot in the door. He is allowed one hour a few days per week to exercise or shower. If he is removed from the cell, it is in handcuffs, torso chain and ankle shackles. He has been removed a few times in order for

staff to clean his cell. Defendant's hygiene is quite poor. He refuses to interact with staff in any intelligible capacity. He curses and insults staff periodically.

Defendant has refused psychotropic medication. A *Washington v. Harper* administrative hearing was held on December 4, 2014. Staff found Defendant not to be a danger to others or gravely disabled <u>in his current setting.</u> Apparently, Bureau of Prisons' legal determination is that the *Harper* analysis is done based on current housing, even if restrictive housing is the consequence of a defendant being a danger to himself or others or because he is gravely disabled.

A Status Conference before this Court was held April 16, 2015. Robert Cochrane, M.D., Defendant's treating psychiatrist, appeared via video-conference. The government conceded that they would not pursue a *Sell* order because prosecuting the probation violation is not a significant enough governmental interest to satisfy the first prong of the *Sell* test. Dr. Cochrane indicated that without involuntary medication, there is no substantial probability that competency will be restored within 120 days. Dr. Cochrane also asserts that there is no reason to conduct another *Harper* hearing. In this situation, "the defendant is subject to the provisions of sections 4246 and 4248." 18 U.S.C. § 4241(d)(2).

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review, order the Warden of the Federal Medical Center in Butner, North Carolina to commence examination proceedings pursuant to 18 U.S.C. § 4246 to determine if involuntary hospitalization of Defendant is appropriate. It is further recommended that proceedings in this action remain stayed until the involuntary hospitalization proceedings are completed, and that Defendant remain in custody throughout those proceedings.

Pursuant to 28 U.S.C. §636(b), the parties have **FOURTEEN (14) DAYS** from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any Objections and Responses to Objections

filed should be filed as **CR 13-00802-TUC-JGZ**.  No Replies shall be filed unless leave is granted from the District Court.

Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review.

Dated this 20th day of April, 2015.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE